IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,328-01






EX PARTE CLIFTON DEWAYNE HARVIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 95-08-0076M-CR IN THE 97TH DISTRICT COURT


FROM MONTAGUE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to sixty years' imprisonment. The Second Court of Appeals affirmed his
conviction. Harvin v. State, No. 02-04-00294-CR (Tex. App.-Fort Worth 2005, no pet.).

 Applicant contends, among other things, that trial counsel, Patrick Morris, rendered
ineffective assistance because he: (1) failed to investigate or ignored evidence showing that the
complainant had recanted before Applicant pleaded no contest; (2) insisted, despite knowing that the
complainant had recanted, that Applicant plead guilty or no contest; (3) told Applicant that he would
not continue to represent him if he insisted on a trial; (4) advised Applicant that he would be
sentenced to forty years if he insisted on a trial; and (5) failed to explain to Applicant that a no
contest plea and a guilty plea have the same legal effect in a criminal proceeding. Tex. Code Crim.
Proc. art. 27.02(5). Applicant also contends that appellate counsel, William Walsh, failed to timely
notify him that his conviction had been affirmed on appeal. 

 On November 4, 2009, we remanded this application for findings of fact and conclusions of
law. On remand, the trial court made findings of fact and determined that trial counsel's performance
was not deficient and that appellate counsel timely notified Applicant that his conviction had been
affirmed. We believe that the record is not adequate to resolve Applicant's claims. Accordingly, the
trial court shall hold a live evidentiary hearing.

 The trial court shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the
hearing. Tex. Code Crim. Proc. art. 26.04. 

 After holding the hearing, the trial court shall make further findings of fact as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant and rendered his plea involuntary. The trial court shall make
specific findings as to: (1) what evidence and witnesses, if any, trial counsel investigated; (2)
whether trial counsel, despite knowing that the complainant had recanted, advised Applicant to plead
no contest or guilty and, if so, why trial counsel provided such advice; (3) whether trial counsel was
willing to represent Applicant at a trial; (4) whether trial counsel advised Applicant that he would
be sentenced to forty years if he insisted on a trial; and (5) whether trial counsel explained to
Applicant that a no contest plea and a guilty plea have the same legal effect in a criminal proceeding.
The trial court shall then make further findings as to whether appellate counsel timely notified
Applicant that his conviction had been affirmed on direct appeal. (1) Ex parte Wilson, 956 S.W.2d 25
(Tex. Crim. App. 1997). Finally, the trial court shall make findings as to whether the transcript of
the grand jury testimony was disclosed to Applicant before he pleaded no contest. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 30, 2010

Do not publish

1. Here the record is not consistent. In a sworn affidavit filed in response to Applicant's
claim, appellate counsel stated that he sent a letter to Applicant notifying him that his conviction
had been affirmed on direct appeal. But in a letter sent to the State Bar in response to a grievance
Applicant filed, appellate counsel stated that he notified Applicant's sisters that his conviction
had been affirmed on direct appeal.